Amy FINLEY O/B/O Herself and W.F., a Minor Child   v.
Michael J. ASTRUE, Commissioner,
Social Security Administration

07-627                                                   260 S.W.3d 717

Supreme Court of Arkansas
Opinion delivered June 28, 2007

United States District Court for the Eastern District of Arkansas, *Garnett Thomas Eisele*, District Judge.

PER CURIAM. In accordance with section 2(D)(3) of amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge Garnett Thomas Eisele of the United States District Court for the Eastern District of Arkansas has by proper motion and certifying order filed a motion and certifying order with our clerk on June 15, 2007. The certifying court requests that our court answer one question of Arkansas law, which may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether a child who was created as an embryo through in vitro fertilization during his parents' marriage, but implanted after the death of his father, is entitled to inherit from the father under Arkansas intestacy law. Specifically, the question involves the interplay between our intestacy law and the Social Security Administration's denial of Amy Finley's claim for "mother's insurance benefits" under the Social Security Act, codified at 42 U.S.C. § 402(d) (2000 & Supp. V 2005).

■ After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question: Does a child, who was created as an embryo through in vitro fertilization during his parents' marriage, but implanted into his mother's womb after the death of his father, inherit from the father under Arkansas intestacy law as a surviving child?

This per curiam order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in the supreme court, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiff in the underlying action, Amy Finley, is designated the moving party and will be denoted as the "Petitioner," and her brief is due thirty days from the date of this *per curiam*; the defendant, Michael J. Astrue, Commissioner of the Social Security Administration, shall be denoted as the "Respondent," and his brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief is filed.

B. The briefs shall comply with this court's rules as in other cases except for the brief's content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Rule 4-6 with respect to *amicus curiae* briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondent.